| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

----------------------------------------------------------- X

THOMAS McCOY,

                              Plaintiff,

                         - against -

CITY OF NEW YORK; POLICE OFFICER
MICHAEL SCHIAFFO, Shield #11234;
POLICE OFFICER JOHN DOE, 79th Pct;
POLICE OFFICER JANE DOE # 1 and # 2,
79th Pct; and UNDERCOVER POLICE
OFFICER JOHN DOE, 79th Pct,

                              Defendants.

**MEMORANDUM AND ORDER**

16 Civ. 4463 (BMC) (LB)

----------------------------------------------------------- X

**COGAN,** District Judge.

      Plaintiff Thomas McCoy, who is incarcerated at Rikers Island, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The claims against the City of New York, Police Officers Jane Doe # 1 and # 2, and Undercover Police Officer John Doe are dismissed *sua sponte*. The claims against Officer Michael Schiaffo and Police Officer John Doe # 2 may proceed.

## BACKGROUND

      Plaintiff alleges that on November 24, 2015, he was arrested for a crime that he did not commit. Plaintiff further states that his case was dismissed on July 7, 2016, at which point he was released from custody after more than seven months in prison. Subsequent to his release, plaintiff alleges that police officers from the 79th Precinct continued to harass him by "false accusation and misidentification." He alleges that the officers falsified arrest charges that "had no evidence or merit."

Moreover, plaintiff alleges that he was subjected to excessive force at the time of his arrest. He alleges that Police Officer John Doe #1, who he later identifies as Officer Michael Schiaffo, pulled plaintiff's thumb out of place as he handcuffed him, while "Police Officer John Doe # 2 put his knee in my chest and another held my head to the floor . . . ." He further alleges that Officer Schiaffo "pulled my sweat pants and underwear down to my ankles, while throwing me to the ground. I was left exposed on the ground . . . ." Plaintiff was taken to Kings County Hospital, but states that "[n]o medical treatment could replace my right thumb knuckle."

In his demand for relief, plaintiff states:

> I am seeking that the 79th Precinct of New York City Police Department stop harassing me and arresting me on false accusations and a form of apology by the arresting officers. Also better training in arresting an individual without the use of excessive force due to the nature of color (African American), creed and religion. Most importantly a better relation with African Americans in talking, arresting and judgement [sic].

## **DISCUSSION**

### I. Standard of Review

At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 662 (quoting Twombly, 550 U.S. at 555).

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Moreover, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. On review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The *in forma pauperis* statute instructs a district court to dismiss a case for the same reasons identified in 28 U.S.C. § 1915A. See 28 U.S.C. § 1915(e)(2)(B).

## II. Plaintiff's Claims

Plaintiff invokes jurisdiction pursuant to the Civil Rights Act, codified at 42 U.S.C. § 1983 ("§ 1983"), alleging violations of his Fourth, Eighth, and Fourteenth Amendment Rights.[1] To maintain a § 1983 action, a plaintiff must allege two elements: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Plaintiff's complaint names the City of New York and several individual police officers, most as either John or Jane Doe, as defendants.

---

[1] Plaintiff also alleges a violation of his rights under sections 5 and 12 of the Bill of Rights of the New York Constitution.

With respect to plaintiff's allegations against the City of New York, a court can find the City of New York liable under § 1983 only if plaintiff can show that a municipal policy or custom caused the deprivation of his constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury.") (internal quotation marks omitted). Although plaintiff seeks "better training" for police officers, plaintiff has not alleged that the violation of his constitutional rights occurred pursuant to any unconstitutional policy or custom. Accordingly, the City of New York is dismissed for failure to state a claim.

With respect to plaintiff's allegations against the individual officers, there are no allegations of particular conduct in the complaint against any Jane Doe officer or John Doe undercover officer; in fact, there is no mention of any of these officers in the complaint apart from their identification as defendants. Accordingly, the unidentified Jane Doe police officers and the John Doe undercover officer are dismissed from the complaint for failure to state a claim.[2]

Plaintiff's claims may proceed against Officer Michael Schiaffo and Police Officer John Doe # 2, as he alleges the two elements of a § 1983 against these two officers, specifically, conduct allegedly committed by a person acting under color of state law, and a deprivation of rights. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court directs Corporation Counsel for the City of New York to ascertain the full name of Police Officer John Doe # 2 within 45 days of the date of this Order. Once this information is provided, the

---

[2] If plaintiff uncovers additional facts or provides additional clarity with respect to these defendants, he may request leave to amend his complaint. See Cuoco, 222 F.3d at 112.

4

complaint shall be deemed amended to reflect the full name and badge number of this officer, summonses shall be issued, and the Marshal shall effect service on the remaining defendant.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons set forth above, all of the claims against the City of New York, the Jane Doe police officers, and John Doe undercover police officer are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against these defendants.

Plaintiff's claims shall proceed against Officer Schiaffo and Police Officer John Doe # 2 of the 79th Precinct. The Court directs the Clerk to issue a summons against Michael Schiaffo and the United States Marshals Service to serve the summons and complaint on him. The Clerk shall mail a copy of this Order and the complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for Police Officer John Doe # 2, the Clerk is directed to amend the caption to reflect that information and to issue a summons against the officer. The United States Marshals Service is directed to serve the defendant once identified. The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                              U.S.D.J.

Dated: Brooklyn, New York
       September 9, 2016