

```
FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★  JAN 10 2018  ★
BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS MCCOY,

        Plaintiff,

    -against-

POLICE OFFICER MICHAEL SCHIAFFO,
*Shield #11234*, POLICE OFFICER KYLE BARNETT
*Shield #24594*, 79th Precinct,

        Defendants.
------------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**16 CV 4463 (BMC)(LB)**

Plaintiff has failed to object to this Report & Recommendation nor has he taken any other action to prosecute this case. The Report and Recommendation is therefore adopted as the Order of this Court and the case is dismissed.
SO ORDERED: 2/3/18

*Digitally signed by Brian M. Cogan*
_____
USDJ

**BLOOM, United States Magistrate Judge:**

    This case has been referred to me for all pretrial purposes. *Pro se* plaintiff has failed to appear at two Court-ordered conferences in this matter and has not contacted the Court or defendants' counsel to request an adjournment or to explain his absences. When plaintiff failed to appear on December 18, 2017, I ordered him to show good cause for his nonappearance, scheduled another conference on January 9, 2018, and warned him that if he failed to timely appear on the new date, I would recommend that his case should be dismissed. Nonetheless, plaintiff failed to appear on the new date as ordered. Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed this action on August 8, 2016, (ECF No. 1), and I scheduled an initial telephone conference on November 10, 2016. (ECF No. 17). Plaintiff was subsequently released from Wallkill Correctional Facility in May 2017 and appeared for an initial in-person conference in this matter on July 6, 2017. (ECF No. 42.) However, plaintiff failed to appear

for an in person status conference on August 1, 2017. Although plaintiff failed to appear in-person for this conference as ordered, the Court contacted plaintiff and allowed him to participate by telephone. The Court made clear that while plaintiff's failure to appear on that one instance was excused, he would not be excused if he failed to appear again. Moreover, by Orders dated July 6, 2017 (ECF No. 43) and December 4, 2017 (ECF No. 50), plaintiff was advised that the parties must contact each other before making any request for an adjournment to the Court and that any request for an adjournment must be received in writing at least forty-eight (48) hours before the scheduled conference. Plaintiff did not request an adjournment of either the December 18, 2017 or January 9, 2018 conferences, despite his failure to appear on both dates.

Defendants' counsel appeared at 4:00 p.m. for the December 18, 2017 conference, but plaintiff failed to appear. By Order dated December 19, 2017 (ECF No. 53), plaintiff was advised that his failure to timely appear is unacceptable and that he must obey the Court's Order to appear. The Court rescheduled the conference on January 9, 2018 and explicitly warned plaintiff that if he failed to timely appear at 2:30 p.m. on January 9 that the Court would recommend dismissal of his action.[1] (ECF No. 53.) The Court also warned plaintiff that he is obligated to notify the Court of his current address. (ECF No. 53.) The Court held the rescheduled pretrial conference on January 9, 2018 at 3:15 p.m., forty-five minutes later than scheduled, hoping plaintiff would arrive. However, *pro se* plaintiff failed to appear for the January 9, 2018 conference. Plaintiff failed to contact the Court to request an adjournment of the conference. Defendants' counsel again appeared on time and was prepared to proceed.

---

[1] The Clerk of Court was directed to mail a copy of this Order (ECF No. 53) to plaintiff at both addresses provided by the City since plaintiff's recent release from Rikers Island: (1) 127 West 25 Street #8012, New York, NY 10001; and (2) 34-21 77 Street, Apt.# 209, Jackson Heights, NY 11372.

2

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff has failed to appear at two Court-ordered conferences. When plaintiff failed to appear for the December 18, 2017 conference, the Court was mindful that correspondence be sent to plaintiff at both addresses provided to the Court. In addition, plaintiff was directed to provide a current address to the Court. The Court also clearly warned plaintiff that if he failed to timely appear for the January 9, 2018 conference, I would recommend that this case should be dismissed. (ECF No. 53.) Despite this warning, plaintiff failed to appear for this second Court-ordered conference. Moreover, plaintiff has failed to contact the Court. The Court need not afford plaintiff unlimited opportunities to appear in this action. Defendants' counsel has timely appeared for two conferences and has waited for plaintiff to appear. This should not be tolerated. Plaintiff has apparently abandoned this action. No lesser sanction than dismissal is appropriate under these circumstances.

3

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
_____
LOIS BLOOM
United States Magistrate Judge

Dated: January 10, 2018
      Brooklyn, New York